UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

NEVILLE SYLVESTER LESLIE,           :
                                    :CIVIL ACTION NO. 3:11-CV-249
          Petitioner,               :
                                    :(JUDGE CONABOY)
          v.                        :(Magistrate Judge Carlson)
                                    :
ERIC H. HOLDER, Jr., et al.,        :
                                    :
          Respondents.              :
                                    :

_____

**MEMORANDUM**

Here we consider the Report and Recommendation (Doc. 47) filed by Magistrate Judge Martin C. Carlson on April 9, 2012. Magistrate Judge Carlson recommended that the Petitioner, who had been detained pursuant to 8 U.S.C. § 1226(c) and released following a hearing held on March 28, 2012 (Doc. 41), remain released on the conditions previously imposed by the Court. (Doc. 47 at 32.) Respondents filed objections to the Report and Recommendation (Doc. 52), and Petitioner responded to the objections (Doc. 53). With the timely filing of Respondents' reply brief (Doc. 55) on May 21, 2012, the Report and Recommendation became ripe for disposition.

On May 23, 2012, Respondents filed Notice of Administrative Decision (Doc. 56) indicating that the Board of Immigration Appeals ("BIA") had issued a decision in Petitioner's underlying removal proceedings. Respondents reported that the BIA had dismissed Petitioner's appeal which rendered Petitioner's removal order final for administrative purposes. (Doc. 56 at 1.) Respondents also asserted that "[t]he BIA's decision may have the ultimate effect of

mooting Leslie's case, as the decision shifts the statutory authority for Leslie's detention from the pre-removal order detention statute, 8 U.S.C. § 1226, to the post-removal order detention statute, 8 U.S.C. § 1231." (*Id.* at 1 n.1.)  Petitioner responded to Respondents' Notice with the supplemental information that Petitioner had filed a petition for review and a motion for a stay of the BIA's decision with the Third Circuit Court of Appeals. (Doc. 57 at 1-2.)

Based on these filings, the Court issued an Order directing the parties to file status reports and briefs concerning the effect of the BIA's decision and Petitioner's related motions and/or appeals on the habeas petition which was the subject of the pending Report and Recommendation.  (Doc. 58.)  The Court also gave the parties an opportunity to file responsive briefs on or before July 26, 2012, (*id.*) and the parties did so (*see* Docs. 58-62).  With this Memorandum, we consider these filings as well as those directly related to the Report and Recommendation.

## I. Background

Magistrate Judge Carlson set out an extensive factual and procedural background in his Report and Recommendation (Doc. 47 at 1-9.)  Because the parties did not object to this portion of the Report and Recommendation, we adopt the Magistrate Judge's background recitation.

In addition to the information set out by Magistrate Judge

2

Carlson in his Report and Recommendation, subsequent filings indicate that, after Petitioner was released on March 29, 2012, the BIA issued a decision in his underlying removal proceedings. (Doc. 59 at 4.)  With this May 14, 2012, BIA decision, the immigration judge's removal order of December 15, 2011, became administratively final.  (Doc. 59 at 4-5.)

On May 21, 2012, Petitioner filed a petition for review with the Third Circuit Court of Appeals (Case No. 12-2448), seeking judicial review of the BIA's decision.  (Doc. 59 at 5.)  On the same date, he also filed a "Motion for Stay of Removal Pending Resolution of Petition for Review" with the Third Circuit.  (*Id.*) On June 25, 2012, the Court of Appeals denied the motion for a stay of removal.  (Doc. 59-1.)  The Circuit Court concluded that Petitioner had not "shown that the four factors of *Nken v. Holder*, 556 U.S. 418, 434 (2009), fall in his favor.  More specifically, he has not made a strong showing that he is likely to succeed on the merits of his petition for review or that removal from the United States would result in irreparable injury, the two 'most critical' factors in determining whether a stay of removal is warranted." (Doc. 59-1.)  Petitioner's petition for review of the BIA's decision remains pending in the Third Circuit Court of Appeals.

## II. Discussion

Because Respondents maintain that the Court does not have jurisdiction over Petition's habeas petition because it became moot

3

upon his release (Doc. 59, 62), we address this jurisdictional issue before considering the Report and Recommendation and objections thereto.

**A.  *District Court Jurisdiction***

Respondents assert that this Court lacks jurisdiction to consider Petitioner's habeus corpus petition and the issues considered in the Report and Recommendation based on the mootness doctrine.  (*See* Docs. 59, 62.)  For the reasons discussed below, we disagree.

Respondents argue that because Petitioner's order of removal is now administratively final (the Third Circuit Court of Appeals having denied his "Motion for Stay of Removal Pending Resolution of Petition for Review"), if he "were to be re-detained, his detention would be governed by the post-removal order detention statute at 8 U.S.C. § 1231."  (Doc. 59 at 2 (citing *Leslie v. Att'y Gen.*, 678 F.3d 265, 268-69 (3d Cir. 2012)).)  Respondents further argue that Petitioner's habeas petition challenges his detention pursuant to 8 U.S.C. § 1226(c) and, because of the change in governing statute, it is now moot.  (Doc. 59 at 1.)  Respondents also maintain that exceptions to the mootness doctrine do not exist here.  (Doc. 59 at 13-15.)

Given the unique circumstances of this case, we will forego engaging in a lengthy discussion of the mootness doctrine and its exceptions.  In all but one of the supporting cases cited by

4

Respondents (Doc. 59 at 7-10, 12-13), the petitioners were detained under 8 U.S.C. § 1226(c) when they filed their habeas petitions and *remained detained* when their removal orders became administratively final and their detention became governed by 8 U.S.C. § 1231.[1] Because here Petitioner was released *before* the BIA's decision and before the Third Circuit denied Petitioner's "Motion for Stay of Removal Pending Resolution of Petition for Review," the factual scenario in which mootness was determined is not present here. Thus, we conclude that this Court's consideration of the pending Report and Recommendation is proper.[2]

**B.   *Objections to the Report and Recommendation***

We now turn to the limited question at the heart of the Report

---

[1]   In *Diop v. ICE/Homeland Security Sec.*, 656 F.3d 221 (3d Cir. 2011), the petitioner had been released after his habeas petition contesting his detention under 8 U.S.C. § 1226 had been denied by the district court.  656 F.3d at 225.  The petitioner's release was not related to his habeas petition.  *Id.* at 226.  The Circuit Court determined that an exception to the mootness doctrine existed and, therefore, considered the merits of Petitioner's appeal of the district court's § 2241 denial.  656 F.3d at 227-28. Because, as noted in the text, here Petitioner's release *is due to* the district court's bond hearing and the pending Report and Recommendation addresses all aspects of the propriety of Petitioner's release, the mootness factors in *Diop* are easily distinguishable and do not dictate that a similar mootness analysis be undertaken here.

[2]   In their brief filed on July 26, 2012, Respondents alternatively argue that the Court should defer its decision on pending objections because Immigration and Customs Enforcement is working on obtaining a travel document for Petitioner.  (Doc. 62 at 2.)  We decline to defer our decision on the vague assertion that Petitioner may be removed in "the reasonably foreseeable future." (*Id.*)

and Recommendation--whether Petitioner was appropriately released under 8 U.S.C. § 1226(c) *at the time of his release*.  We conclude that his release was proper and Respondents' objections to the contrary are without merit.[3]

When a party files objections to a magistrate judge's Report and Recommendation, the district judge makes a *de novo* review of those portions of the report or specified proposed findings or recommendations to which objection is made.  *See Cippolone v. Liggett Group, Inc.*, 822 F.2d 335, 340 (3d Cir. 1987), *cert. denied*, 484 U.S. 976 (1987).  Therefore, we review the issues raised in Respondents' objections *de novo*.  Concerning matters to which a party has not objected, we review the record for "clear error" prior to accepting the magistrate judge's recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Cruz v. Chater*, 990 F. Supp. 375-78 (M.D. Pa. 1998); *Oldrati v. Apfel*, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998).

1.    **Exhaustion of Administrative Remedies**

Respondents first object on the basis that Petitioner was not required to challenge his immigration court bond hearing through administrative channels.  (Doc. 52-1 at 1.)  This Court determined that a prompt bond hearing before Magistrate Judge Carlson was advisable to be in compliance the Third Circuit Court of Appeals'

---

[3] We deem Respondents' objections timely filed.  (*See* Doc. 53 at 12-13; Doc. 55 at 1-3.)

directive set out in *Leslie v. Attorney General of the United States*, 678 F.3d 265 (3d Cir. 2012), as we understood it. (*See* Doc. 32.)

Respondents urge the Court to require administrative exhaustion of the immigration court's bond hearing determination because "it would allow the agency to apply its expertise, and would conserve judicial resources by permitting the agency to provide relief if applicable." (Doc. 52-1 at 6.) This argument is undermined by the fact that significant judicial resources have already been expended. More importantly, Respondents' position that any procedural deficiencies at the immigration court bond hearing identified by Magistrate Judge Carlson could have and should have been "rectified upon administrative appellate review by the BIA" (Doc. 52-1 at 4), does not acknowledge that the Third Circuit Court of Appeals specifically held that the bond hearing was warranted because Petitioner's detention had already been "unreasonably long." *Leslie*, 678 F.3d at 271. Certainly, any appeal to the BIA would have resulted in extending Petitioner's unreasonably long incarceration. Because Petitioner has been released and Respondents present no basis upon which to undermine the bond hearing held by Magistrate Judge Carlson, this objection is overruled.

**2. Release Without Bond**

Respondents next assert that Magistrate Judge Carlson erred in

granting Petitioner release without bond.  (Doc. 52-1 at 6.)  In support of this assertion, Respondents maintain that, contrary to Magistrate Judge Carlson's determination, Petitioner is in fact a flight risk and the Magistrate Judge incorrectly took into account Petitioner's financial circumstances when he assessed bond.  (Doc. 52-1 at 7-10.)

We agree with Petitioner that Magistrate Judge Carlson adequately addressed considerations relevant to whether Petitioner was a danger to the community or a flight risk.  (Doc. 53 at 18-19.)  It was up to the Magistrate Judge to weigh the evidence, consider opposing arguments, and make a bond determination. Respondents do not cite any Third Circuit precedent to support their contention that the Magistrate Judge's consideration of Petitioner's ability to pay was error.  For these reasons, we find no basis to reverse Magistrate Judge Carlson's decision that Petitioner should be released with conditions.

## 3.   Hearing Required by Third Circuit

With their third objection, Respondents assert that the Magistrate Judge erred in failing to remand the case to the immigration court because this is what is required in the Third Circuit's *Leslie* decision with the Court's direction that Petitioner be provided a bond hearing "as required by *Diop*." (Doc. 52-1 at 10 (citing *Leslie*, 678 F.3d at 271).)  Respondents further assert that because "*Diop* merely requires a hearing before an

8

immigration judge, the Magistrate Judge was precluded from holding a bond hearing in this matter." (*Id.*)

We agree with Petitioner and Magistrate Judge Carlson that the district court had the jurisdiction and authority to hold a bond hearing. (Doc. 53 at 10; Doc. 47 at 4-6.) We have carefully read and re-read *Leslie* and *Diop v. ICE/Homeland Security Sec.*, 656 F.3d 221 (3d Cir. 2011), and nowhere do we find that the Circuit Court specifically says that a bond hearing must be held by a government agency rather than the court. *Leslie* identified the two-step process laid out in *Diop* as follows: "a reviewing court must first determine that a detention has been unreasonably long, and following such a determination, must determine whether the unreasonable detention is necessary to fulfill § 1226's purposes as outlined in *Diop*." 678 F.3d at 269-70. The purposes are identified as "ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community." *Id.* at 269 (citing *Diop*, 656 F.3d at 233). *Diop* contains no specific directive as to who should hold a bond hearing, perhaps because the petitioner was not detained when the Circuit Court considered his petition. *See supra* n.1. Rather, in *Diop*, the Circuit Court specifically noted the importance of the habeas court's exercise of independent judgment. 656 F.3d at 234. Thus, neither *Leslie* nor *Diop* support the limitation urged by Respondents, and we find this objection without merit.

**C.**   ***Clear Error Review***

We find no clear error concerning matters to which Respondents have not objected.  *See, e.g., Thomas v. Arn*, 474 U.S. 140, 150-53 (1985).  Having found no merit to Respondents' objections and no clear error otherwise, we adopt Magistrate Judge Carlson's Report and Recommendation (Doc. 47).

## III. Conclusion

For the reasons discussed above, we adopt Magistrate Judge Carlson's Report and Recommendation (Doc. 47).  An appropriate Order is filed simultaneously with this Memorandum.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: August 27, 2012_____

10